UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Ashland

| | | |
|---|---|---|
| EVENS CLAUDE, | ) | Civil Action No. 0:26-cv-00055-SCM |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| SECRETARY OF DEPT. HOMELAND SECURITY, | ) | |
| Respondent. | ) | |

*** *** *** ***

Evens Claude is an inmate at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"). Proceeding without an attorney, Claude filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Dkt. 1]. The United States Attorney's Office for the Eastern District of Kentucky filed a response on behalf of Respondents Secretary of the Department of Homeland Security ("DHS") and Immigration Customs and Enforcement ("ICE"), [Dkt. 10]. Claude filed a reply, [Dkt. 11]. Having carefully considered the matter, Claude's Petition will be dismissed for the reasons that follow.

## I. Background

Claude is a native and citizen of Haiti and former legal resident of the United States. [Dkt. 1-1 at 1]. Claude was removed from the United States in 2001 "because of a crime he had committed." [Dkt. 1 at 9]. Claude returned to Haiti, where he alleges that he was kidnapped and tortured due to his family's political connections. [*Id.*]. He

subsequently re-entered the United States without permission. [Dkt. 1-1 at 1]. After re-entry, authorities apprehended him. [*Id.*].

Claude was ultimately convicted of re-entering the United States illegally and possessing counterfeit currency. *United States v. Claude*, No. 1:07-cr-10010-MLW [Dkt. 17 therein] (D. Mass.). On March 16, 2007, Claude was sentenced to time served and three years of supervised release. *Id.* at 1–2. With this conviction, Claude's prior order of removal was reinstated. [Dkt. 1-1 at 1]. Claude petitioned the immigration courts for relief under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.18, *et seq*., which was granted. [Dkt. 1-1 at 1, 7]. The parties agree that, despite the grant of CAT relief, Claude remains subject to a final order of removal. [Dkt. 11 at 1].

Claude apparently remained in the United States following his release from the Bureau of Prisons' ("BOP") custody. In January 2012 and June 2012 he was indicted on various charges—including bank fraud and identity theft—in the Eastern District of Pennsylvania. *United States v. Claude*, No. 2:12-cr-00033-NIQA [Dkt. 1; Dkt. 38 therein] (E.D. Pa.). Claude was convicted of these charges on September 3, 2014, and was sentenced to an aggregate term of 232 months of imprisonment. *Id.*, [Dkt. 353 therein]. His projected release date is April 6, 2029. *See* Fed. Bureau of Prisons, Find an Inmate Page, https://www.bop.gov/inmateloc/ (last visited Sep. 11, 2026).

Claude reports that ICE placed a detainer on him in July 2015. Claude alleges that the ICE detainer violates his constitutional right to due process because the "Dhs has no authority to detain [an] alien with [a] non-executable removal order." [Dkt. 1 at 5]. Claude also complains that the BOP has declined to apply First Step Act credits

toward his transfer to home confinement or a residential reentry center because he is subject to a final order of removal. *See* 18 U.S.C. § 3632(d)(4)(E)(i). For relief, Claude seeks removal of the ICE detainer and a restraining order stopping ICE from detaining him in the future. [Dkt. 1 at 8].

## II. Jurisdiction

This Court lacks jurisdiction over Claude's petition. Section 2241 authorizes a district court to issue a writ of habeas corpus to a state or federal prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). For purposes of § 2241(c)(3), the habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Custody is a jurisdictional prerequisite, meaning, "if a petitioner is not 'in custody' when [he] files [his] petition, courts may not consider it." *Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018) (quoting *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2017)). Finally, the proper respondent to a § 2241 petition is the petitioner's immediate custodian—typically, the warden of the institution in which the petitioner is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 446–47 (2004).

Claude is still serving his criminal sentence at FCI-Ashland and, thus, is not in the custody of immigration officials. Nevertheless, he challenges his anticipated future detention by ICE. But the United States Court of Appeals for the Sixth Circuit has confirmed that a district court lacks jurisdiction over a prisoner's § 2241 challenge to an immigration detainer when the prisoner is still in custody of the BOP. *See Prieto v. Gluch*,

913 F.2d 1159, 1162–63 (6th Cir. 1990) (citing *Campillo v. Sullivan,* 853 F.2d 593, 595 (8th Cir. 1988), *cert. denied,* 490 U.S. 1082 (1989)); *see also Forbes v. Kizziah*, No. 7:18-cv-108-REW, 2018 WL 10509382, at *1 (E.D. Ky. Dec. 11, 2018) (prisoner could not challenge immigration detainer while he was still in BOP custody).

Claude's arguments to the contrary are unpersuasive. He asserts that he is in the respondents' constructive custody since it is likely that he will be processed for removal following his release from BOP custody. [*See* Dkt. 11 at 2]. However, the Sixth Circuit has noted that "[w]hile an alien may file a § 2241 petition challenging his removal proceedings, an alien is not 'in custody' for removal purposes if he is detained pursuant to a sentence for a criminal conviction, even if the [Immigration and Naturalization Service] has filed a detainer order with the prison where the petitioner is incarcerated." *Garcia-Echaverria v. United States*, 376 F.3d 507, 510–11 (6th Cir. 2004) (citing *Zolicoffer v. United States Dep't of Just.,* 315 F.3d 538, 540–41 (5th Cir.2003)); *see also Hamama v. Adducci*, 946 F.3d 875, 877 (6th Cir. 2020) (observing that § 2241 "prohibits the writ from issuing unless the prisoner 'is' being held 'in custody in violation of the Constitution or laws or treaties of the United States,' not merely because he likely could make that showing in the future" (quoting 28 U.S.C. § 2241(c)(3)).

Claude cites various cases, none of which suggests that the Court has jurisdiction over his petition. For instance, Claude relies on *Mustata v. Dep't of Justice*, 179 F.3d 1017 (6th Cir. 1999). That case involved non-prisoner petitioners who were deemed "constructively" in the custody of immigration officials when they were subject to a final order of deportation and their period of voluntary departure had expired. *Id.* at 1021 n.4.

Moreover, the Sixth Circuit did not focus on the issue of custody but, rather, held that 8 U.S.C. § 1252(g) did not strip the district court of jurisdiction to entertain the petitioners' claim that they received ineffective assistance of counsel during their administrative immigration proceedings. *Id.* at 1020–23. Claude's reliance on *Enriquez-Perdomo v. Newman*, 54 F.4th 855 (6th Cir. 2022), also is misplaced. In *Newman*, the plaintiff with Deferred Action for Childhood Arrivals ("DACA") status brought *Bivens* claims against the ICE officials who arrested and detained her, and the court's analysis was cabined to that context. *Id.* at 858–59, *see also id. at* 867 ("our interpretation of the text [of 8 U.S.C. § 1252(g)] is limited to the conclusion that the statute contemplates 'executable' removal orders, and a removal order rendered unenforceable by a grant of DACA that has not been rescinded or terminated is not subject to execution.").

## III. CAT Protections & First Step Act Credit

Even if the Court possessed jurisdiction over this matter, Claude's petition would still fail. Claude appears to argue that: (1) his removal order is nonexecutable because he was granted protection under the CAT; (2) his removal order is nonexecutable because the immigration judge failed to advise him that he could be removed to a third country; and (3) the nonexecutable removal order should not preclude him from applying credits under the First Step Act ("FSA"), which established a system allowing eligible inmates to participate in evidence-based recidivism reduction programs to earn time credits toward their sentences. [Dkt. 1 at 5; Dkt. 11 at 2]; *see also* 18 U.S.C. § 3632(d)(4)(A).

It is clear that a grant of CAT protection does not affect the validity of a final order of removal. *Nasrallah v. Barr*, 590 U.S. 573, 583 (2020) ("[A] CAT order may be reviewed

together with the final order of removal, not that a CAT order is the same as, or affects the validity of, a final order of removal."). Additionally, Claude does not cite any authority indicating that a final order of removal is invalidated when an immigration judge fails to notify a recipient of CAT relief that he could be removed to a third country. To the contrary, the Supreme Court has made clear that "[a]n order granting CAT relief means only that, notwithstanding the order of removal, . . . . the noncitizen still 'may be removed at any time to another country where he or she is not likely to be tortured.'" *Id.* at 582 (citing 8 C.F.R. §§ 1208.17(b)(2), 1208.16(f)).

Finally, it is well established that a prisoner who is subject to a final order of removal may not apply time credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(E)(i); *Herrera v. Rardin*, No. 25-1007, 2025 WL 3904402, at *2 (6th Cir. Aug. 8, 2025); *Richards v. Entzel*, No. 25-114-DLB, 2026 WL 1853819, at *1 (E.D. Ky. June 26, 2026); *see also Fontanez v. Rardin*, No. 24-1421, 2025 WL 1383403, at *1 (6th Cir. Jan. 28, 2025) (explaining that prisoners do not have a constitutionally protected right to earn and apply time credits under the FSA). Because Claude is currently subject to a final order of removal, the Court is bound to follow Congress' command in 18 U.S.C. § 3632(d)(4)(E)(i).

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Claude's § 2241 petition, [Dkt. 1], is **DISMISSED WITH PREDJUDICE**.
2. This matter shall be stricken from the active docket.
3. The Court will enter a corresponding Judgment.

Signed this the 16th day of September, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky